IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| B.H., *individually and on behalf of K.H., a minor*, <br>       Plaintiff, <br><br> v. <br><br> ANTHEM HEALTH PLANS OF VIRGINIA, INC., <br>       Defendant. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 3:22cv600 (RCY) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff B.H. ("Plaintiff"), individually and on behalf of K.H., a minor, brought this suit against Anthem Health Plans of Viriginia, Inc. ("Defendant") to recover allegedly wrongfully denied benefits under the Employee Retirement Income Security Act ("ERISA") and to obtain equitable relief for an alleged violation of the Mental Health Parity and Addiction Equity Act of 2008, an amendment to ERISA.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and by Order of Reference (ECF No. 44), Defendant's Partial Motion to Dismiss Complaint ("Motion to Dismiss") (ECF No. 21) was referred to United States Magistrate Judge Summer L. Speight for a Report and Recommendation ("R&R"). In the R&R (ECF No. 55), filed on July 27, 2023, Magistrate Judge Speight recommended that the Court DENY Defendant's Motion to Dismiss (ECF No. 21).

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen days from the date the R&R was forwarded to the objecting party by Notice of Electronic Filing or mail, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) permits an extra three (3) days if service occurs by mail. The parties were further advised that failure to file timely objections

to the findings and recommendations would result in a waiver of any right to a *de novo* review of the determinations contained in the R&R. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The time for filing written objections has passed, and neither party has filed objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (citation omitted). "Clear error is a very deferential standard of review." *Walsh v. Vinoskey*, 19 F.4th 672, 677 (4th Cir. 2021) (internal quotation marks omitted).

The Court has reviewed the R&R and finds no clear error on the face of the record. Accordingly, the Court hereby ADOPTS and APPROVES in full the findings and recommendations set forth in the R&R (ECF No. 55). It is hereby ORDERED that the Defendant's Motion to Dismiss (ECF No. 21) is DENIED.

The Clerk is directed to provide a copy of this Order to all counsel of record.

It is so ORDERED.

Richmond, Virginia
Date: August 15, 2023

/s/
Roderick C. Young
United States District Judge